UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE P.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Defendant.

Case No. 22-11208
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

**ORDER ACCEPTING REPORT AND RECOMMENDATION [16], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]**

In June 2022, Plaintiff Rose P. ("R.P.") brought suit against the Acting Commissioner of Social Security, challenging the agency's decision to deny her disability benefits and supplemental security income. (*See* ECF No. 1.) The Court referred the case to Magistrate Judge Kimberly G. Altman. (ECF No. 3.)

In time, the parties filed cross-motions for summary judgment. (ECF Nos. 12, 13.) Magistrate Judge Altman concluded that, while "the record demonstrates that [R.P.] suffers from some degree of physical and mental impairments, the [Administrative Law Judge's] decision finding her not disabled is supported by

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

substantial evidence." (ECF No. 16, PageID.781.) Accordingly, she recommended that the Court grant the Commissioner's motion for summary judgment and deny R.P.'s motion. (*Id.*) At the conclusion of her August 8, 2023 Report and Recommendation, she notified the parties that they were required to file any objections within fourteen days of service as provided in Federal Rule of Civil Procedure 72(b)(2). (*Id.*) And she warned that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*) Neither party objected to the Report and Recommendation, and the time to do so has passed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and ACCEPTS her recommended disposition. (ECF No. 33.) It follows that the Commissioner's motion for summary judgment is GRANTED (ECF No. 13), and that R.P's motion for summary judgment is DENIED (ECF No. 12). A separate judgment will follow.

SO ORDERED.

Dated: August 24, 2023

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE